```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TERRY BLIGEN,                       :
                    Petitioner,     :   09 Civ. 3841 (GBD)(HBP)
    -against-                       :   OPINION
                                        AND ORDER
SUPERINTENDENT C. WOUGHTER,         :
                    Respondent.     :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Petitioner, an inmate in the custody of the New York State Department of Correctional Services, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction violated certain of his federally protected rights. By a document entitled "Petition to Proceed in Forma Pauperis and for Appointment of Counsel and Affidavit," dated March 31, 2009 (Docket Item 2), petitioner seeks to have counsel appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. For the reasons set forth below, the motion is denied without prejudice to renewal.

It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such a proceeding is a matter of discretion. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v.

United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986); Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001) (K.N. Fox, M.J.).  Accordingly, petitioner's application should be analyzed in the same manner as any other application for pro bono counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of [petitioner's] case, the [petitioner's] ability to pay for private counsel, [the petitioner's] efforts to obtain a lawyer, the availability of counsel, and the [petitioner's] ability to gather the facts and deal with the issues if unassisted by counsel."  Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits."  Id.  Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996) (Batts, D.J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge

2

should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the Court of Appeals] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the Court of Appeals] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

I am willing to assume that petitioner lacks the resources to retain counsel because he is incarcerated. Although he provides no information on the subject, I am also willing to assume that petitioner needs an attorney because he has no legal training. However, petitioner's application establishes none of the other elements relevant to an application for counsel. For example, petitioner provides no information concerning the steps, if any, he has taken to find an attorney on his own.

In addition, it does not appear at this time that petitioner's claims are sufficiently meritorious to warrant the appointment of counsel. Petitioner was convicted of criminal

3

possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, in violation of N.Y. Penal L. §§ 220.16(13) and 220.03, respectively and asserts multiple claims arising from events prior to and at his trial. Even a cursory review of petitioner's claims suggest that they lack merit:

- It appears that the New York Courts denied petitioner's ineffective assistance claim on state procedural grounds, and therefore, the claim will be barred unless petitioner shows that either "cause and prejudice" excuses the procedural bar, Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002), or that the state procedural grounds are not adequate and independent. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006).

- To the extent petitioner is asserting a Rosario[1] violation he has alleged only a state law claim which is not even cognizable in a federal habeas corpus proceeding. Bynum v. Duncan, 02 Civ. 2124 (RWS), 2003 WL 296563 at *9 n.5 (S.D.N.Y. Feb. 12, 2003); Clark v. Portuondo, 00 Civ. 2491 (DAB)(RLE), 2002 WL 31553502 at *2-*3 (S.D.N.Y. Nov. 13, 2002); Johnson v. Filion, 232 F. Supp.2d 98, 100 (S.D.N.Y. 2002); Senor v. Greiner, 00-CV-5673JG, 2002 WL 31102612 at *12 (E.D.N.Y. Sept. 18, 2002); Johnson v. State, 01 Civ. 4219 (GEL), 2002 WL 1974048 at *1-*2 (S.D.N.Y. Aug. 26, 2002).

- Petitioner's claim that the Trial Court improperly admitted the cash found in petitioner's pocket at the time of his arrest appears to allege nothing more than an evidentiary error that does not give rise to and federal issue. A state Trial Court's decision to admit or exclude evidence is rarely a sufficient basis for

---

[1] In People v. Rosario, 9 N.Y.2d 286, 173 N.E.2d 881, 213 N.Y.S.2d 448 (1961), the New York Court of Appeals held, as a matter of state law, that a criminal defendant is entitled to the prior statements of the prosecution's witnesses in order to determine if the testimony of such witnesses in court departs from their prior statements. The holding in Rosario has been codified in N.Y. Crim. Proc. Law § 240.45.

>   the issuance of a writ of habeas corpus.  See Dowling
>   v. United States, 493 U.S. 342, 352 (1990); Dunnigan v.
>   Keane, 137 F.3d 117, 125 (2d Cir. 1998); Rosario v.
>   Kuhlman, 839 F.2d 918, 924-25 (2d Cir. 1988).

- Petitioner's Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465 (1976) unless he can demonstrate that the procedures available in New York's courts were inadequate or there was an unconscionable breakdown in the underlying process. Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).  Because the Court of Appeals for the Second Circuit has found that New York's procedures for resolving a criminal defendant's Fourth Amendment claims are adequate, Capellan v. Riley, supra, 975 F.2d at 70 n.1, it appears, at least preliminarily, that it will not be easy for petitioner to obtained relief based on the alleged Fourth Amendment violations.

- Petitioner's double jeopardy claim arises out of the re-presentment of his case to a second grand jury after the first indictment was dismissed.  Because jeopardy does not attach until a trial jury is empaneled or the first trial witness is sworn, Lockett v. Montemango, 784 F.2d 78, 82 (2d Cir. 1986), it does not appear that petitioner was ever placed in jeopardy twice.

Because it appears at this stage that the petition lacks likely merit, I conclude the appointment of counsel for petitioner is not warranted.

Accordingly, for all the foregoing reasons, petitioner's motion for the appointment of counsel pursuant to the Criminal Justice Act is denied without prejudice to renewal.  Any renewed application should be accompanied by an affidavit estab

5

lishing the merits and the other relevant factors discussed above.

Dated:  New York, New York
        March 5, 2010

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Terry Bligen
05-R-0684
Five Points Correctional Facility
6600 State Route 96
Caller Box 119
Romulus, New York 14541

Lisa Fleischmann, Esq.
Thomas B. Litsky, Esq.
Assistant Attorneys General
State of New York
120 Broadway
New York, New York  10271